UNITED STATES BANKRUPTCY COURT, WESTERN DISTRICT OF WISCONSIN

www.wiwb.uscourts.gov

## CHAPTER 13 PLAN (Individual Adjustment of Debts)

☒ Original Plan
☐ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)
☐ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Bradley D. Dillman          JOINT DEBTOR: _____          CASE NO.: 23-10010

SS#: xxx-xx- 2901          SS#: xxx-xx-_____

### I. NOTICES

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 3015-1, 3015-2, and 3015-3.

To Creditors: Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To All Parties: The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ☒ Not included |
| Nonstandard provisions, set out in Section VIII | ☒ Included | ☐ Not included |

**TO ALL PARTIES:**
Unless otherwise provided for in this plan, the Trustee shall disburse payments in the following order: administrative expenses including trustee and attorney fees, secured claims, priority claims, general unsecured claims.

### II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

A. **MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees beginning 30 days from the filing/conversion date. Debtor(s) will make payments by employer wage order, unless otherwise specified herein. The payments must be made for the Applicable Commitment Period, either 36 or 60 months, or for a shorter period that is sufficient to pay allowed nonpriority unsecured claims in full.

1. $675.00 for 60 months;
2. $0.00 for _____ months;
3. $0.00 for _____ months;
4. $0.00 for _____ months;
5. $0.00 for _____ months;
6. $0.00 for _____ months;

The total amount of estimated payments to the trustee: $40,500.00

B. **DEBTOR(S)' ATTORNEY'S FEE:**          ☐ NONE          ☐ PRO BONO

| Total Fees: | $4187.00 | Total Paid: | $2153.25 | Balance Due: | $2346.75 |
|---|---|---|---|---|---|
| Payable | $0.00 | /month (Months ____ to ____ ) | | | |

No payments to Debtor's counsel through the Plan. Debtor has paid $4,500 and the balance due is the amount remaining in the Krekeler Law Trust Account. $313 was used for the filing fee. Counsel is billing Debtor on an hourly basis. Upon confirmation and as fees are incurred, counsel will apply the funds being held in trust.

Debtor(s): Bradley D. Dillman    Case number: 23-10010

## III. TREATMENT OF SECURED CLAIMS

**A. SECURED CLAIMS:** ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

---

**1. Creditor:** Wilmington Savings Fund

**Address:** c/o AMIP Management
3020 Old Ranch Parkway
Ste. 180
Seal Beach, CA 90740

**Arrearage/ Payoff on Petition Date:** $55,672.86 / $290,629.71

[Select Payment Type]    $0.00    /month

**Account No.:** 7248

**Other:** No payments to Wilmington for the arrearage which will be addressed through MMM; direct monthly payments to resume

☒ Real Property
  ☒ Principal Residence
  ☐ Other Real Property

Check one below for Real Property:
  ☒ Escrow is included in the regular payments
  ☐ The debtor(s) will pay  ☐ taxes  ☐ insurance directly

**Address of Collateral:**
5309 Portsmouth Way
Madison, WI 53714

☐ Personal Property/Vehicle

**Description of Collateral:**

---

**2. Creditor:** Dane County Treasurer

**Address:** Bankruptcy Notices
PO Box 1299
Madison, WI 53701-1299

**Arrearage/ Payoff on Petition Date:** $27,944.29

[Select Payment Type]    $0.00    /month

**Account No.:**

**Other:** Real estate taxes to be paid in full at 12% interest, pro rata

☒ Real Property
  ☒ Principal Residence
  ☐ Other Real Property

Check one below for Real Property:
  ☐ Escrow is included in the regular payments
  ☒ The debtor(s) will pay  ☒ taxes  ☐ insurance directly

**Address of Collateral:**
5309 Portsmouth Way
Madison, WI 53714

☐ Personal Property/Vehicle

**Description of Collateral:**

---

**B. VALUATION OF COLLATERAL:** ☐ NONE

IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED UPON YOU PURSUANT TO BR 7004 AND LR 3015-1.

1. **REAL PROPERTY:** ☒ NONE
2. **VEHICLES(S):** ☒ NONE
3. **PERSONAL PROPERTY:** ☒ NONE

**C. LIEN AVOIDANCE** ☒ NONE

**D. SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.

☒ NONE

Debtor(s): Bradley D. Dittman                              Case number: 23-10010

### E. DIRECT PAYMENTS SECURED CLAIMS:

☐ NONE

☒ The debtor(s) elect to make current payments directly to each secured creditor listed below. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | Wilmington Savings c/o FCI Lender Services | 7248 | 5309 Portsmouth Way, Madison, WI 53714 |

## IV. TREATMENT OF FEES AND PRIORITY CLAIMS [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]

**A. ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ☒ NONE

**B. PRIORITY TAX CLAIMS:** ☐ NONE

| Total Due: | $0.00 | Total Payment | $0.00 |
|---|---|---|---|
| Payable | $0.00 /month | | |

**C. DOMESTIC SUPPORT OBLIGATION(S):** ☒ NONE

**D. OTHER:** ☒ NONE

## V. TREATMENT OF UNSECURED NONPRIORITY CREDITORS

**A.** Pay $0.00 /month

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

**B.** ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

**C. SEPARATELY CLASSIFIED:** ☒ NONE

*Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

## VI. EXECUTORY CONTRACTS AND UNEXPIRED LEASES: Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

☐ NONE

☐ Unless provided for under a separate section, the debtor(s) request that upon confirmation of this plan, the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors/lessors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Collateral | Acct. No. | Assume/Reject |
|---|---|---|---|---|
| 1. | | | | ☐ Assume ☐ Reject |

## VII. INCOME TAX RETURNS AND REFUNDS: ☐ NONE

☒ Debtor(s) will not provide tax returns unless requested by any interested party pursuant to 11 U.S.C. § 521.

☐ The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) will not provide tax returns unless requested by any interested party pursuant to 11 USC 521. If returns are requested, the debtor(s) hereby acknowledge that the deadline for providing the Trustee with their filed tax returns is on or before May 15 of each year the case pending.

## VIII. NON-STANDARD PLAN PROVISIONS ☐ NONE

☐ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

---

☒ Mortgage Modification Mediation

Debtor(s): Bradley D. Dillman                     Case number: 23-10010

The Chapter 13 Mortgage Modification Mediation Program in the Western District (MMMWD) is a program in the U.S. Bankruptcy Court for the Western District of Wisconsin to help qualified Chapter 13 debtors keep their homes. MMMWD is designed for Chapter 13 debtors who cannot afford their current mortgage payment, but have steady income to pay a modified mortgage payment. MMMWD sets up an informal meeting between the debtor and the lender conducted by a neutral mediator who acts as a discussion facilitator. The mediator cannot force a lender to modify a mortgage, but can help the debtor and the lender reach an agreement. MMMWD is a way for the debtor and lender to discuss whether modifying the mortgage is possible.

MMMWD is a voluntary program, and MMMWD has the support of the Bankruptcy Court. The Judges encourage qualified Chapter 13 debtors and lenders to try the program. MMMWD has been designed with protections for debtors and lenders alike.

To start the process, the debtor files a Motion to Participate in MMMWD and serves a copy on the lender. The lender has 30 days to respond to the Motion. The Motion states the requirements to qualify for MMMWD, including:

- Debtor has regular income and is the owner occupant of a residential property used as debtor's primary residence (investment properties do not qualify).

- Debtor has a mortgage balance of less than $729,750, and the mortgage payment is not affordable due to financial hardship.

- Debtor will make monthly post-petition mortgage payments of 31% of debtor's gross monthly income or 75% of the Debtor's current mortgage payment, whichever is less, starting the next monthly scheduled due date (plus any grace period) after the Stipulation is filed.

- Debtor must have filed complete bankruptcy schedules, and must provide lender with required documents and forms via the DMM Loss Mitigation Portal, however the lender is not required to use the Portal and can request alternative document transmission. To register for the Portal, go to www.dclmwp.com.

- Debtor must pay a mediation fee of $200 to the mediator and attend the mediation session. Debtor must pay $25 to use the DMM Loss Mitigation Portal. These fees are not refundable under any circumstances. The mediation is to be completed within 75 days of the appointment of the mediator.

- If MMMWD is successful and the mortgage is modified, the debtor agrees not to voluntarily dismiss the Chapter 13 bankruptcy for 9 months, to enable the debtor to establish a track record of paying the modified mortgage payments.

- If MMMWD is not successful, the debtor agrees that either the automatic stay will be lifted or the debtor will promptly propose an amended Chapter 13 plan to pay the original mortgage.

Mortgage lenders participating in MMMWD will also pay $200 to the mediator, and will upload their document requests and review documents and forms using the DMM Loss Mitigation Portal. Lenders who are willing to participate in the program, but are not yet set up to use the Portal may participate by special permission of the Judge. Lenders are encouraged to use the Portal as it is the most cost-effective way for the Debtor to provide the required documents. By consenting to MMMWD, the lender agrees to appoint a representative with knowledge of the lender's loss mitigation programs and either settlement authority or access to an underwriter with settlement authority. This representative will participate in the mediation sessions by telephone or video conference. The lender also agrees to act promptly and in good faith to consider the Debtor's mortgage loan for modification. If the MMM is successful, the lender will promptly prepare the necessary documents, and, if requested, the Court will approve any modification agreed upon by the debtor and lender.

By participating in MMM, the lender and debtor agree to entry of a Mortgage Modification Mediation Order. The proposed order pdf document must include the motion to participate. Debtors and lenders are encouraged to read the terms of the Motion, Consent and Order to familiarize themselves with the terms of the program.

Debtors' counsel should indicate their intention to participate in MMMWD within the plan. Below is model language:

(A) The Debtors will be circulating a Stipulation to participate in the Mortgage Modification Mediation Program sanctioned by the United States Bankruptcy Court for the Western District of Wisconsin.

(i) As such, the Trustee shall not pay on any claims for the Debtors' mortgage debt on the homestead real estate located at 1234 Main Street, Madison, WI

(ii) Upon successful completion of a mortgage modification, all mortgage claims, including any arrearage and/or supplemental claims, will be

addressed and paid outside of the plan.

(iii) If the mediation is unsuccessful and there is no mortgage modification reached, the Debtors will file a feasible plan to address any and all mortgage arrearage claims or surrender the real estate in question.

(iv) The time period to successfully complete a mortgage modification and/or to file a feasible plan in the event of an unsuccessful mediation will be controlled by the procedure and guidelines of the aforementioned Mortgage Modification Mediation Program.

Questions about MMM can be directed to the MMMWD Mediator Management Committee via email at: cstevenson@murphydesmond.com and clerk@mediatewisconsin.com

Debtor(s): Bradley D. Dillman                                    Case number: 23-10010

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

_____ Debtor  _____
Bradley D. Dillman                Date                                                    Joint Debtor                        Date

_[signature]_____    1-19-2023
Attorney with permission to sign on    Date
Debtor(s)' behalf

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VIII.**

United States Bankruptcy Court

Western District of Wisconsin

| | |
|---|---|
| In re: | Case No. 23-10010-cjf |
| Bradley D Dillman | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0758-3 | User: eADIuser | Page 1 of 2 |
| Date Rcvd: Jan 20, 2023 | Form ID: pdf803 | Total Noticed: 14 |

The following symbols are used throughout this certificate:
**Symbol  Definition**

\+         Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^         Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 22, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Bradley D Dillman, 5309 Portsmouth Way, Madison, WI 53714-2701 |
| 5030321 | + | AMIP Management, 3020 Old Ranch Parkway, Ste. 180, Seal Beach, CA 90740-2799 |
| 5030322 | | Dane County Treasurer, P.O. Box 1299, Madison, WI 53701-1299 |
| 5030323 | + | FCI Lender Services, PO Box 28720, Anaheim, CA 92809-0157 |
| 5030325 | | Kathleen Wopat, 131 W. Richards Rd, Cottage Grove, WI 53527 |
| 5030326 | + | Sieg Law Offices, Attorney Dennis J. Sieg, 4710 E. Broadway, Ste. 110, Madison, WI 53716-4101 |

TOTAL: 6

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5030324 | | Email/Text: BKNOTICES@GRAY-LAW.COM | Jan 20 2023 19:19:00 | Gray & Associates, 16345 W. Glendale Drive, New Berlin, WI 53151-2841 |
| 5030316 | + | Email/Text: USTPRegion11.MD.ECF@usdoj.gov | Jan 20 2023 19:19:00 | Office of the United States Trustee, 780 Regent Street, Suite 304, Madison, WI 53715-2635 |
| 5030327 | | Email/Text: bknotices@snsc.com | Jan 20 2023 19:19:00 | SN Servicing Corporation, 323 5th Street, Eureka, CA 95501 |
| 5030328 | ^ | MEBN | Jan 20 2023 19:17:32 | US Bank, c/o SN Servicing Corp, 323 Fifth St, Eureka, CA 95501-0305 |
| 5030317 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Jan 20 2023 19:19:00 | United States Treasury, Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 |
| 5030329 | + | Email/Text: BKMAIL@planethomelending.com | Jan 20 2023 19:19:00 | Wilmington Savings Fund Society, c/o Planet Home Lending, 321 Research Parkway, Suite 303, Meriden, CT 06450-8342 |
| 5030318 | + | Email/Text: DORBANKRUPTCYSPECIALIST@WISCONSIN.GOV | Jan 20 2023 19:19:00 | Wisconsin Department of Revenue, ATTN: Bankruptcy Unit, MS 5-144, PO Box 8901, Madison, WI 53708-8901 |
| 5030319 | + | Email/Text: UIInsolvCollections@dwd.wisconsin.gov | Jan 20 2023 19:19:00 | Wisconsin Dept. of Workforce Development, Division of Unemployment Insurance, P.O. Box 8914, Madison, WI 53708-8914 |

TOTAL: 8

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 5030320 | *+ | Wisconsin Dept. of Workforce Development, Division of Unemployment Insurance, P.O. Box 8914, Madison, WI 53708-8914 |

TOTAL: 0 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

| District/off: 0758-3 | User: eADIuser | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Jan 20, 2023 | Form ID: pdf803 | Total Noticed: 14 |

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 22, 2023        Signature:        /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 19, 2023 at the address(es) listed below:**

| **Name** | **Email Address** |
|---|---|
| John P. Driscoll | on behalf of Debtor Bradley D Dillman jdriscoll@ks-lawfirm.com<br>jdkrek@ks-lawfirm.com;cwatson@ks-lawfirm.com;hrschank@ks-lawfirm.com;bisige@ks-lawfirm.com;jsteele@ks-lawfirm.com |
| Mark Harring | court@ch13wdw.org |
| U.S. Trustee's Office | USTPRegion11.MD.ECF@usdoj.gov |

TOTAL: 3